Hernandez-Mendoza v. Garland

BIA
Kolbe, IJ
A088 664 186

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty-one.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> > *Circuit Judges.*

_____

JOSE HERNANDEZ-MENDOZA,
> *Petitioner*,

v.                                                    19-3243
                                                      NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,[1]
> *Respondent.*

_____

FOR PETITIONER:            Ayhan Ogmen, Ogmen Law, PLLC, New York, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:**              Ethan P. Davis, Acting Assistant
                                 Attorney General; Nancy Friedman,
                                 Senior Litigation Counsel;
                                 Margaret A. O'Donnell, Trial
                                 Attorney, Office of Immigration
                                 Litigation, United States
                                 Department of Justice, Washington,
                                 DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jose Hernandez-Mendoza, a native and citizen of Honduras, seeks review of a September 4, 2019, decision of the BIA affirming an April 10, 2019, decision of an Immigration Judge ("IJ") denying him protection under the Convention Against Torture ("CAT"). *In re Jose Hernandez-Mendoza,* No. A 088 664 186 (B.I.A. Sept. 4, 2019), *aff'g* No. A 088 664 186 (Immig. Ct. N.Y. City Apr. 10, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The

2

standards of review for a CAT claim are well established.[2] *See* 8 U.S.C. § 1252(b)(4)(B); *Joaquin-Porras v. Gonzales*, 435 F.3d 172, 181 (2d Cir. 2006) (reviewing findings of fact for substantial evidence and "review[ing] de novo questions of law regarding what evidence will suffice to carry an[] . . . applicant's burden of proof" (internal quotation marks omitted)). The likelihood of future events is a factual determination. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012).

Hernandez-Mendoza had the burden to demonstrate that he would "more likely than not" be tortured. 8 C.F.R. § 1208.16(c)(2). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "[T]orture requires . . . that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d

---

[2] Hernandez-Mendoza does not challenge the denial of withholding of removal.

3

161, 171 (2d Cir. 2004). The agency considers "all evidence relevant to the possibility of future torture" including past torture and country conditions. 8 C.F.R. § 1208.16(c)(3).

Substantial evidence supports the agency's determination that Hernandez-Mendoza failed to establish that he would more likely than not suffer harm constituting torture as defined under the CAT. First, the agency reasonably concluded that one assault with no serious or lasting injury did not rise to the level of torture. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir. 2006) ("[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution."); 8 C.F.R. § 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture."). Second, there is no evidence in the record that the men who assaulted Hernandez-Mendoza remain interested in harming him. Given these facts, the agency did not err in finding that he did not meet his burden of showing that he would more likely than not be tortured. *See Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) ("[A]n alien will

4

never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur." (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (AG 2006))); *Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that "[i]n the absence of solid support in the record" an alien's "fear is speculative at best"). Because these findings are dispositive of the CAT claim, we do not reach the agency's additional conclusion that Hernandez-Mendoza failed to establish that that Honduran government would instigate or acquiesce to his torture by gang members. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5